AUGUST MYER, Appellant, v. JOSEPH M. E. THOMSON, and Others, Respondents.

*Action by a judgment creditor to reach property of his debtor — when a contingent remainder in personal property cannot be reached.*

Appeal from a judgment in favor of the defendants, entered upon an order sustaining a demurrer interposed to the complaint.

The respondent Thomson by a trust deed dated June 16, 1852, gave to the defendant, Charles Darke, certain personal property upon the following trusts:

" To pay all existing debts and liabilities of the grantor, to invest the residue and apply the income thereof to the use of the defendant Maria Thomson, grantor's wife, during her life, and after her

death to the use of the grantor for his life, and after the death of both, to pay over the principal to their children."

Darke undertook and continued to execute the trust until June, 1876, when the New York Life Insurance Company was substituted in his place as trustee. The trust company has continued to perform its duties up to the present time, applying the income of the property to the use of the grantor's wife, Maria Thompson. Since the execution of the trust deed several children have been born to the said Maria Thompson and the grantor, and are made defendants.

In January, 1882, the appellant recovered a judgment against the grantor Thomson, on which execution was issued and returned unsatisfied. The object of this action is to have the deed mentioned, declared void as against him, except in so far as it provides for the payment of existing debts of the grantor and the trust for his wife; to have the property transferred by said trust deed adjudged to be vested in the said grantor, subject only to the estate of the trustee for the life of the wife, and to have such estate or interest of the grantor subjected to the payment of said judgment through the medium of a receiver.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained at the Special Term.

The court at General Term, said : " The learned judge in the court below arrived at the conclusion that the deed was not made for the use of the person making the same in such sense as to be a violation of the provisions of the Revised Statutes, and made no disposition of the property which the statute was designed to prevent, and that in any event the action was prematurely brought as it was conceded that the deed was valid during the lifetime of the wife of the settler.

" It is not understood upon an examination of the case that this concession was made, but it is quite apparent that such a concession could not be very well withheld. There is no doubt about the validity of the trust deed during the lifetime of the wife, and inasmuch as she may survive her husband the action is prematurely brought. We entertain no doubt whatever about this proposition. The estate may never revert to him. In the language of the respondent's counsel, ' there is no estate or interest in the defendant Joseph M. E. Thomson which a receiver can take.' The whole

estate is now vested in the trustee, and the mere possibility that said defendant may at some future time have an interest therein is not such an interest as a receiver can take."

The judgment should be affirmed, with costs.

*Francis Lawton,* for the appellant.

*De Witt, Lockman & De Witt,* for the respondents.

Opinion *Per Curiam.*

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment affirmed, with costs.